USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/17/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
CHARLES BUCKNER,

         Plaintiff,

    -against-

JOSEPH PONTE (Commissioner) D.O.C.,
YOLANDA CANTY (Chief) D.O.C.,
JOHN DOE (Chief) D.O.C., JANE DOE
(Chief) D.O.C., and CAROLYNA SAUNDERS
(Warden) D.O.C./O.B.C.C.,

         Defendants.
------------------------------------------------------------- X

17-CV-1952 (VEC)(RWL)

ORDER ADOPTING REPORT &
RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

  Plaintiff Charles Buckner, proceeding *pro se*, alleges that he was held on a "modified" lock-down at the Otis Bantum Correctional Center for at least 11 days in November 2016. Compl. (Dkt. 2) at 3, 8. Buckner alleges that the lock-down violated his First and Eighth Amendment rights. Compl. at 3. Seeking redress, he has sued the above-captioned officials of the New York City Department of Correction ("DOC") and demanded $300,000 in money damages. Compl. at 5. The Defendants moved to dismiss on the grounds that Buckner failed to exhaust his administrative remedies, has not alleged the personal involvement of the Defendants, cannot state a claim for punitive damages, and cannot recover money damages because he has not alleged a physical injury. *See* Mem. (Dkt. 12).

  The Court referred this case to Magistrate Judge Francis for general pretrial and preparation of a report and recommendation on any dispositive motions. Dkt. 6. The Defendants filed their motion to dismiss on June 9, 2017. Dkts. 11, 12. Buckner did not oppose or otherwise respond to the motion. Magistrate Judge Francis issued a report and recommendation (the "R&R") on August 10, 2017. Dkt. 15. Notwithstanding Buckner's failure to oppose the motion

to dismiss, it is plain from the R&R that Judge Francis carefully scrutinized the Defendants' arguments and independently evaluated their merits. The R&R recommends that the Court grant the motion to dismiss without prejudice because it is plain from the face of the complaint that Buckner did not exhaust his administrative remedies – although there may be facts that would excuse him from doing so. R&R at 6-7. Additionally, Judge Francis concluded that Buckner did not allege the personal involvement of the Defendants or allege facts that might give rise to a claim for compensatory damages for his Eighth Amendment claim. R&R at 8-12.

Plaintiff has not filed any objections to the R&R and his time to do so has expired.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are made to a magistrate judge's report, a district court may adopt the report so long as "there is no clear error on the face of the record." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (citing *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Failure to file timely objections to the magistrate judge's report constitutes a waiver of those objections in the district court and on later appeal to the United States Court of Appeals. *See Small v. Sec'y of Health & Human Servs.*, 892 F. 2d 15, 16 (2d Cir. 1989) (*per curiam*); *see also Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (holding that Section 636 does not require review of a magistrate's findings if no party objects).

Because no objections to the R&R were filed, the Court reviews for "clear error." *Phillips*, 955 F. Supp. 2d at 211. Upon careful review, the Court finds no clear error in Magistrate Judge Francis's well-reasoned decision. Accordingly, the Court adopts the R&R in full.

# CONCLUSION

Defendants' motion to dismiss is GRANTED. As noted above, Plaintiff did not file an opposition to the motion to dismiss or objections to the R&R. Nonetheless, because Plaintiff is proceeding *pro se*, the Court will permit Plaintiff, if he chooses, to file an amended complaint on or before **February 9, 2018**. Plaintiff is reminded, however, that *pro se* litigants, like all litigants, are required to submit only pleadings that are supported by fact and law. Breach of this duty may result in sanctions, including an award of attorneys' fees to Defendants. Fed. R. Civ. P. 11(b), (c). Failure to file an amended complaint will result in dismissal of this action with prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purposes of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a non-frivolous issue).

The Clerk of Court is respectfully requested to close the open motion at docket entry 11. The Clerk of Court is further requested to mail a copy of this Order and the R&R to Plaintiff and note mailing on the docket.

**SO ORDERED.**

Date: **January 17, 2018**
      **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**